IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RODNEY HODGES, | ) | CIV. NO. 12-00420 LEK-BMK |
| | ) | |
| Plaintiff, | ) | AMENDED FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | DEFENDANT CGI FEDERAL |
| CGI FEDERAL DEFENSE & | ) | DEFENSE & INTELLIGENCE'S |
| INTELLIGENCE, et al., | ) | BILL OF COSTS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

AMENDED FINDINGS AND RECOMMENDATION
TO GRANT IN PART AND DENY IN PART DEFENDANT
CGI FEDERAL DEFENSE & INTELLIGENCE'S BILL OF COSTS

Before the Court is Defendant CGI Federal Defense & Intelligence's ("CGI") Bill of Costs, filed December 5, 2014. (Doc. 120.) After careful consideration of the Bill of Costs and the opposing and supporting memoranda, the Court recommends that it be GRANTED IN PART and DENIED IN PART and that the district court award Defendant CGI $3,109.39 in costs.[1]

On October 31, 2014, United States District Court Judge Leslie E. Kobayashi granted summary judgment in favor of CGI, and Judgment was thereafter entered against Plaintiff Rodney Hodges ("Mr. Hodges"). (Doc. nos.

---

[1] The Court elects to decide the Bill of Costs without a hearing, pursuant to Local Rule 7.2(d).

117, 118.) On December 5, 2014, CGI filed its Bill of Costs against Mr. Hodges, seeking recovery of the following costs:

| | |
|---|---:|
| Service of Summons and Subpoena | $69.11 |
| Transcripts | $3,259.24 |
| Printing | $36.20 |
| Witnesses | $80.00 |
| Copies | $107.70 |
| Other (travel-related expenses) | $2,119.50 |
| **TOTAL** | **$5,671.75** |

(Doc. no. 120.) Mr. Hodges timely filed his objections to the Bill of Costs on December 9, 2014. (Doc. no. 121.) The Court ordered CGI to file a reply brief, which CGI filed on January 13, 2015. (Doc. no. 132.)

## DISCUSSION

Federal Rules of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered." Local Rule 54.2(a).

Courts have discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). Indeed, "Rule

2

54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Id. According to the Ninth Circuit:

> a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, we will assume it acted based on that presumption.

Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003); see Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 592-93 (9th Cir. 2000) ("The requirement that district courts *give reasons* for denying costs flows logically from the presumption in favor of costs that is embodied in the text of the rule; if a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion . . . ." (emphasis in original) (internal quotation marks omitted)).

While courts have discretion to award costs pursuant to FRCP 54(d), courts may only tax costs that are specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir.

1990)).  Section 1920 enumerates the following costs:

>   (1)  Fees of the clerk and marshal;
>   (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>   (3)  Fees and disbursements for printing and witnesses;
>   (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>   (5)  Docket fees under section 1923 of this title;
>   (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see Yasui, 78 F. Supp. 2d at 1126.  Broadly speaking, taxable costs are modest in scope and limited by statute.  Taniguchi v. Kan Pac. Saipan, Ltd., 132 S. Ct. 1997, 1999 (2012).

   I.   Travel Costs

First, Mr. Hodges argues that the "Other Costs" totaling $2,119.50 should be denied.  (Obj. to Costs at 2-3.)  He states that the travel costs for CGI attorney Malia Kakos to travel to Virginia to defend the deposition of Shaun Sullivant is "excessive and unnecessary and not included as the costs allowed under 28 U.S.C. [§] 1920(1)-(y) [sic] or LR 54.2."  (Id. at 2 (brackets added).)  Ms. Kakos spent $1,285.00 on airfare from Hawaii to Virginia and $834.00 on a three-night hotel stay and other hotel expenses.  (Bill of Costs at 6, Exhs. E-F.)

4

In its Bill of Costs, CGI cites to section 607-9 of the Hawaii Revised Statutes ("HRS") for the proposition that "'[a]ll actual disbursements, including but not limited to, *intrastate travel expenses for witnesses and counsel* . . . and other incidental expenses . . . sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs.'" (Bill of Costs at 3 (emphasis in original) (citing Haw. Rev. Stat. § 607-9).) CGI also cites to Ko Olina Development, LLC v. Centex Homes, No. CV. 09-00272 DAE-LEK, 2011 WL 1235548, at *15 (D. Haw. Mar. 29, 2011), in support of this district court's award of travel expenses in connection with depositions.

As this Court has stated previously, "[m]eals[,] lodging and travel for attorneys are not reimbursable costs under 28 U.S.C. § 1920." Reimer v. Kukio Golf & Beach Club, Inc., Civil No. 12-00408 LEK-BMK, 2014 WL 4322024, at *6 (D. Haw. July 2, 2014), adopted by 2014 WL 4322028 (citing Wahl v. Carrier Mfg. Co., Inc., 511 F.2d 209 (7th Cir. 1975)) (brackets added); see also Botelho v. State, Civ. No. 06-00096 DAE-BMK, 2009 WL 1649728, at *1 (D. Haw. June 9, 2009) ("Given that attorney travel expenses are not recoverable under § 1920 and Plaintiffs cite to no other law authorizing such recovery, the Court DENIES Plaintiffs' request for these expenses."). Section 1920 enumerates the types of costs that the Court can award pursuant to FRCP 54(d). Ms. Kakos's travel

5

expenses, including airfare, hotel, meals, and other gift shop purchases, are not the type of cost recoverable under FRCP 54(d). Moreover, Local Rule 54.2(f)(2) explicitly provides that "[t]he expenses of counsel for attending depositions are not allowable." Local Rule 54.2(f)(2).

CGI appears to conflate a Bill of Costs with a request for attorneys' fees and costs, citing both to HRS § 607-9 and Ko Olina Development in support of an award of travel costs. Cf. Reimer, 2014 WL 4322024, at *6 (in rejecting plaintiff's argument that travel expenses should be awarded, the Court held that "[t]his argument misreads Pinkham by conflating costs that may be included in a[n] attorney fee award and those permissible under 28 U.S.C. § 1920"); Nahas v. Cont'l Cas. Co., Civil No. 03-00478 HG-LEK, 2010 WL 2176067, at *10 (D. Haw. May 26, 2010) (differentiating between a motion for fees and costs and a Bill of Costs, by stating that "Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.2 do not apply because they govern requests for taxable costs, not motions for attorneys' fees and costs based on statutory authority such as 29 U.S.C. § 1132(g)(1)").[2]

---

[2] In Nahas, the Court considered whether to recommend awarding the plaintiff costs associated with her attorneys' travel expenses to attend out-of-state depositions. The court initially noted that the plaintiff could not have requested travel expenses in her Bill of Costs and cited to Local Rule 54.2(f)(2)'s prohibition

First, CGI's reliance on Ko Olina Development is misplaced, as the order it cites concerned the award of travel costs in response to a motion for attorneys' fees and costs under HRS § 607-14. The court there even differentiated the defendant's request for costs under HRS § 617-14 from a Bill of Costs under FRCP 54(d) and 28 U.S.C. § 1920. 2011 WL 1235548 at *15 ("Plaintiff's reliance on Kikuchi is misplaced because that case addressed an award of taxable costs pursuant to Haw. R. Civ. P. 54(d). . . . Plaintiff's reliance on Sea Coast Foods is also misplaced because it addressed costs under 28 U.S.C. § 1920."). As such, Ko

---

on recovery of deposition travel expenses. 2010 WL 2176067 at *11 ("The expenses of counsel for attending depositions are not allowable."). However, the motion before the Court was for recovery of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1), which also references 28 U.S.C. § 1920 for types of costs recoverable. The court stated:

> The Ninth Circuit, however, has held that § 1132(g)(l)'s "allowance for 'costs of action' empowers courts to award only the types of 'costs' allowed by 28 U.S.C. § 1920, and only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 or by similar such provisions." See Agredano v. Mutual of Omaha Companies, 75 F.3d 541, 544 (9th Cir. 1996) (citation omitted). ***Travel expenses are not one of costs recoverable under § 1920***, and therefore they are not recoverable under § 1132(g)(1).

Id. (emphasis added). Accordingly, although the Court awarded the plaintiff her attorneys' fees for time the attorney spent traveling, it declined to award travel costs, since those costs are not recoverable under § 1920.

Olina Development is inapposite to the current case.

Second, HRS § 607-9 is also inapplicable. Again, a request for Bill of Costs is limited to the enumerated items in 28 U.S.C. § 1920. See Ignacio v. County of Haw., CV. No. 11-00516 SOM-BMK, 2013 WL 2405211, at *2 (D. Haw. May 31, 2013), adopted by 2013 WL 3029738 ("Defendants' reliance on HRS § 607-9 to procure travel costs is also procedurally improper, because Defendants should have filed a motion for non-taxable costs[,]" rather than a Bill of Costs.). Even if HRS § 609-7 were applicable, however, that statute does not explicitly authorize recovery of travel expenses here, as it only allows costs for "*intrastate* travel expenses[.]" Haw. Rev. Stat. § 607-9 (emphasis added); see also Wong v. Takeuchi, 88 Hawaii 46, 53, 961 P.2d 611, 618 (1998) (allowing recovery of travel costs for an attorney's and client's intrastate travel between Oahu and the Island of Hawaii, because "it was necessary for [client] and her counsel to travel intrastate in order to defend this action"). Ms. Kakos's travel from Hawaii to Virginia is clearly *interstate* travel, as she was traveling between states. Thus, HRS § 607-9 also does not provide a basis for recovery of Ms. Kakos's travel expenses.

Accordingly, because travel costs are not recoverable under FRCP 54(d), 28 U.S.C. § 1920, and Local Rule 54.2(f)(2), the Court recommends that the

instant motion be DENIED as to CGI's requested $2,119.50 for "Other Costs."[3]

   II.   Alutiiq and Lockheed Martin Costs

Next, Mr. Hodges argues that he should not have to pay for costs associated with Alutiiq and Lockheed Martin documents that were subpoenaed by CGI, since "CGI is a part of Lockheed Martin."[4]  (Obj. to Costs at 3.)  In response, CGI merely states, unhelpfully, that "[t]his statement is so ludicrous that no response is necessary."[5]  (Reply at 5.)

Mr. Hodges appears to be challenging CGI's need for the Alutiiq and Lockheed Martin documents in this case.  GCI states that it "used portions of [those transcripts and documents] as evidence for its summary judgment motion[,]" on which it prevailed.  (Bill of Costs, Aff. of Malia E. Kakos ("Kakos Aff.") ¶ 4.)

---

[3] Although Mr. Hodges argues extensively that it was unnecessarily for Ms. Kakos to fly to Virginia to defend Mr. Sullivant's deposition, the Court does not address that issue, as it recommends denying Ms. Kakos's travel expenses on the other grounds discussed above.

[4] Within the same argument, Mr. Hodges appears to argue that the (1) $80.00 witness fees for the records deposition of Alutiiq and Lockheed Martin representatives (Bill of Costs, Exh. C), (2) $69.11 fees for service upon those entities (Id., Exh. A), and (3) $107.96 cost for the production of documents from Lockheed Martin (Id., Exh. B) were unnecessarily incurred.

[5] CGI requests an additional $3.90 for the cost of filing its Reply.  However, because the Court, on its own initiative, ordered the additional briefing, the Court recommends denying the request.

9

Given that Lockheed Martin and Alutiiq are Mr. Hodges's former employers and CGI represents that the subpoenaed documents concerned Mr. Hodges's job performance and were utilized as exhibits before the Court, the Court finds, as a preliminary matter, that the Alutiiq and Lockheed Martin documents were necessarily obtained for use in this litigation, and the associated costs in obtaining those documents are proper.

CGI requests $80.00 for the witness fees paid to representatives of Alutiiq and Lockheed Martin for their respective appearances at the records deposition. (Bill of Costs, Exh. C.) Reimbursement of costs for a litigant's witnesses is expressly limited by 28 U.S.C. § 1821 to $40.00 per day and reasonable travel expenses "at the most economical rate reasonably available" on a common carrier. 28 U.S.C. §§ 1821(b), (c)(1); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987) (holding courts may not tax litigant's expert witness costs in excess of limit set by 28 U.S.C. § 1821(b)). The Court finds that CGI's request for $40.00 per day for each of Alutiiq's and Lockheed Martin's witnesses is reasonable.

Next, CGI requests $69.11 for the service of subpoenas upon Alutiiq and Lockheed Martin. (Bill of Costs, Exh. A.) Under 28 U.S.C. § 1920(1), "[f]ees of the clerk and marshal" are taxable costs. Local Rule 54.2(f)(1) clarifies that

"[f]ees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred." The Court finds that serving Alutiiq and Lockheed Martin with subpoenas was reasonable and recommends taxing this fee.

Finally, CGI requests $107.96 for the cost of the documents produced by Lockheed Martin in its records deposition.[6] (Bill of Costs, Exh. B.) Local Rule 54.2(f)(4) states:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule 54.2(f)(4); see also 28 U.S.C. § 1920(4).

After reviewing the Bill of Costs and declarations in support, the Court finds that, although such documents would otherwise be necessarily obtained

---

[6] Although Mr. Hodges's objections reference only the $107.96 (incorrectly listed as $107.70) incurred in connection with the production of Lockheed Martin documents, he also states that he is objecting to the "Alutiiq and Lockheed Martin documents." (Obj. to Costs at 3.) Thus, the Court broadly construes Mr. Hodges's objections to also include the $234.70 cost for Alutiiq documents.

11

for use in this litigation, the requested costs for the Lockheed Martin and Alutiiq documents are not recoverable, because the Court is unable to determine the nature of the documents, how many pages were produced, or the cost charged per page of the produced documents. See Brown v. Chinen, Civil No. 07-00556 ACK-LEK, 2009 WL 5177882, at *5 (D. Haw. Dec. 30, 2009), adopted by 2010 WL 290950 (with regard to documents obtained through records depositions and discovery, the court required the moving party to show that the "copies were necessarily obtained for use in this case and that the actual costs charged by the commercial copiers which [defendant's] counsel used were reasonable"). As such, because the Court cannot determine whether $107.96 and $234.70 are reasonable costs for Lockheed Martin and Alutiiq records, the Court recommends DENYING $107.96 for the Lockheed Martin documents and $234.70 for the Alutiiq documents.

III. FOIA Requests

Mr. Hodges also objects to the $107.70 incurred by CGI in its Freedom of Information Act ("FOIA") request to Marine Corps Base Inspector, Hawaii, since those documents were provided to CGI during the course of discovery. (Obj. to Costs at 3.) In response, CGI argues that Mr. Hodges did not have a complete copy of the documents requested, thus necessitating the official FOIA request. (Reply at 6.) Although the Court would otherwise find that these

documents were necessarily obtained for use in this litigation,[7] it recommends denying such costs, because CGI does not provide proper substantiation regarding the nature, volume, or per-page cost of the documents. The invoices and correspondence provided by CGI merely reference an overall cost. (Bill of Costs, Exh. D.) In fact, one of the attached correspondence states, "Jessica explained that we have some of the documents (approximately 67 pages) but it would cost more than 15 cents a page for her to go through and remove the ones previously produced. We will now get 115 pages, some of which have removed the redaction that the DOD placed on their FOIA response." (Id.) This correspondence is unclear whether CGI was charged more than $0.15 a page. Additionally, if CGI obtained 115 pages for the cost of $64.10, then they were charged over $0.55 a page. Thus, it is unclear whether the costs to obtain these documents were reasonable, and the Court recommends DENYING $36.10 and $64.10 for the two FOIA requests.

IV. Deposition Transcripts

Mr. Hodges next objects to the cost of his deposition at $1,565.65, arguing that Defendant Ray Mabus was only charged $848.80 for the same

---

[7] CGI represents that it sought such documents because Mr. Hodges had made complaints about CGI to the Marine Corps Base Inspector, Hawaii. (Bill of Costs, Kakos Aff. ¶ 6.)

transcript. (Obj. to Costs at 3.) However, CGI argues that the deposing party pays for the court reporter's fee and is charged more than parties that merely request copies of the transcript. (Reply at 6.)

Section 1920(2) provides for the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Local Rule 54.2(f)(2) provides for the taxation of the "cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." Deposition costs are taxable if they are reasonably necessary for trial. Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998). CGI has provided documentation to reflect the amount it incurred for Mr. Hodges's deposition transcript and an explanation of that amount. (Bill of Costs, Exh. B; Reply, Decl. of Malia E. Kakos ¶ 7.) Given that CGI has attested that it used portions of Mr. Hodges's deposition testimony in its successful motion for summary judgment, the Court finds that the costs associated with Mr. Hodges's deposition testimony were "necessarily obtained" and thus recommends GRANTING the costs of Mr. Hodges's deposition transcript.

V.     HCRC Documents

Finally, Mr. Hodges objects to the $7.50 claimed by CGI for its cost of obtaining documents from the Hawaii Civil Rights Commission ("HCRC").

CGI represents that it needed the documents, because Mr. Hodges had complained to the HCRC about CGI, and such documents could have created the basis for a defense to Mr. Hodges's claims. (Bill of Costs, Kakos Aff. ¶ 6; Reply at 6-7.) The Court is satisfied that these documents were necessarily obtained by CGI. Unlike the documentation received from the Marine Corps Base Inspector, Hawaii, the HCRC receipt specifies that 150 pages were charged at $0.05 per page. (Bill of Costs, Exh. D.) Thus, the Court finds that the documentation is sufficient and recommends GRANTING CGI the cost of the HCRC documents.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART CGI's Bill of Costs. Specifically, the Court recommends that CGI be awarded $3,109.39 in costs as follows:

//

//

//

//

//

//

| | |
|---|---|
| Service of Summons and Subpoena | $69.11 |
| Transcripts | $2,916.58[8] |
| Printing | $36.20 |
| Witnesses | $80.00 |
| Copies | $7.50[9] |
| Other (travel-related expenses) | $0.00[10] |
| **TOTAL** | **$3,109.39** |

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, <u>January 28, 2015</u>.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

<u>Rodney Hodges v. CGI Federal Defense & Intelligence, et al.</u>, CIV. NO. 12-00420 LEK-BMK, AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT CGI FEDERAL DEFENSE & INTELLIGENCE'S BILL OF COSTS

---

[8] The Court recommends deducting $107.96 and $234.70 for the documents produced by Lockheed Martin and Alutiiq.

[9] The Court recommends deducting $36.10 and $64.10 for the two FOIA requests to Marine Corps Base Inspector, Hawaii.

[10] The Court recommends deducting $2,119.50 and denying CGI's travel costs in its entirety.